```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION

In Re Enron Corporation          §
Securities, Derivative &         §        MDL-1446
"ERISA" Litigation               §
                                 §
                                 §
MARK NEWBY, et al.,              §
                                 §
          Plaintiffs,            §
                                 §
VS.                              §    CIVIL ACTION NO. H-01-3624
                                 §         CONSOLIDATED CASES
ENRON CORPORATION, et al.,       §
                                 §
          Defendants             §
WESTBORO PROPERTIES, LLC,        §
et al.,                          §
                                 §
          Plaintiffs,            §
                                 §
VS.                              §    CIVIL ACTION NO. H-03-1276
                                 §
CREDIT SUISSE FIRST BOSTON,      §
INC., et al.,                    §
                                 §
          Defendants.            §
```

## OPINION AND ORDER

Pending before the Court in H-03-1276 is Plaintiffs Westboro Properties, LLC and Stonehurst Capital, Inc.'s motion for reconsideration under Rule 59(e) and for leave to amend under Rule 15(a) (instrument #60), with a copy of their proposed Third Amended Complaint attached. They ask the Court to alter or amend its Opinion and Order of Dismissal (#59), entered on January 6, 2011, dismissing all claims against Deutsche Bank Securities, Inc. ("Deutsche Bank") in Plaintiffs' Second Amended Complaint (#33) for

failure to state a claim for which relief can be granted under Federal Rules of Civil Procedure 12(b)(6) and 9(b) and closing this case. Plaintiffs seek to reinstate only their aiding and abetting and conspiracy claims against Deutsche Bank, and not their common law fraud cause of action nor their claims under the Texas Security Act, New York's Martin Act, and the federal Securities Act of 1933. #60 at 4 n.3.

### Standards of Review

Under Federal Rule of Civil Procedure 59(e), a party has twenty-eight days after entry of a judgment to file a motion requesting the court to alter or amend that judgment. "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.*, *citing Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). The Rule "'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id., quoting Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). The court must balance two competing interests in ruling on such a motion: "1) the need to bring litigation to an end; and 2) the need to render just

decisions on be basis of all the facts." *Id., citing Lavespere v. Niagra Mach. & Tool works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *abrogated on other grounds, Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994).

To prevail on a Rule 59(e) motion, the movant must clearly establish one of three factors: (1) in intervening change in the law; (2) newly discovered evidence not previously available; or (3) a manifest error of law or fact. *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A motion based on newly discovered evidence should only be granted if (1) the facts discovered would probably change the outcome of the litigation, (2) the facts are not only newly discovered, but could not have been discovered previously by proper diligence, and (3) the facts are not simply cumulative or impeaching. *Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003), *cert. denied*, 542 U.S. 920 (2004).

Federal Rule of Civil Procedure 15(a) provides in relevant part,

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

A court has discretion in deciding whether to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 181 (1962). Since the language of the rule "'evinces a bias in favor of granting leave to amend," the court must find a "substantial reason" to deny such a request. *Ambulatory Infusion Therapy Specialists, Inc. v. Aetna Life Ins. Co.*, Civ. A. No. H-05-4389, 2006 WL 2521411, *3 (S.D. Tex. Aug. 29, 2006), *quoting Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004), and *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Factors for the court to consider in determining whether there is a substantial reason to deny a motion for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). The court should deny leave to amend if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Proc.* § 1487 (2d ed. 1990).

While Rule 15(a) does not establish a time limit for filing a motion for leave to amend, "'at some point, time delay on the part of a plaintiff can be procedurally fatal.'" *Smith v. EMC Corp.*,

393 F.3d at 595, *quoting Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir. 1992), *in turn quoting Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).  If there is substantial delay, the plaintiff bears the burden of demonstrating that it was due to oversight, inadvertence or excusable neglect, *Id.*, *citing Gregory*, 634 F.2d 203.

"While Fed. R. Civ. P. 15(a) endows a district court with 'virtually unlimited discretion' to allow amendments before entry of judgment, that discretion narrows considerably after entry of judgment." *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000), *citing* 6 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure* § 1489 (2d ed. 1990 & Supp. 1999)("A number of courts, exercising their discretion under Rule 15(a) have refused to allow a postjudgment amendment when the moving party had an opportunity to assert the amendment during trial but waited until after judgment before requesting leave.").  "Post-judgment amendment to a complaint can only occur once the judgment itself is vacated under Fed. R. Civ. P. 59 or 60."  *Id.*, *citing id.* and *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n.1 (5th Cir. 1981); *Benson v. St. Joseph Regional Health Center*, 575 F.3d 242, 550 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1507 (2010).

Federal of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order's deadline to amend has expired.

*Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008); *Marathon Financial Ins., Inc. v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009).  According to Rule 16(b), which has a stricter standard than Rule 15(a), once a scheduling order has been entered, "it may be modified only for good cause and with the judge's consent."  The party seeking leave to amend must "'show that the deadlines cannot reasonably be met, despite the diligence of the party needing the extension.'"  *Marathon*, 591 F.3d at 470, *quoting S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)(*quoting* 6A Charles Alan Wright, et al., *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)).  In determining whether "good cause" exists, the court should consider four factors:  "'(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of continuance to cure such prejudice.'"  *Id., quoting Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)(*citing S&W Enterprises*, 315 F.3d at 536).  Only if the movant demonstrates good cause for the modification will the more liberal standard of Rule 15(a) then apply to the district court's decision whether to grant or deny leave to amend.  *S&W Enterprises*, 315 F.3d at 536.  A denial of a motion to amend is

reviewed for abuse of discretion. *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 177 (5th Cir. 2007).

**Plaintiffs' Motion for Reconsideration and Leave to Amend (#60)**

Plaintiffs explain that they filed their First Amended Complaint in 2003 "solely to correct defendant entity names and addresses," and "not in response to a motion to dismiss or other attack on the merits of Plaintiffs' allegations; indeed the amendment was filed before discovery commenced." #60 at 2. They filed that motion for leave to amend, proposing and attaching what became their Second Amended Complaint, on August 17, 2006, which was granted on January 22, 2007. After the motion to amend was filed, but before it was granted, Andrew Fastow's deposition was taken in October-November 2006. According to Plaintiffs, Fastow's testimony admitted Enron's fraud and Deutsche Bank's knowing participation in Enron's fraud. #67, Exhibit 1 at ¶¶ 34, 162-63, 199-246; *see also* Appendix E to Exhibit 1.[1] Fastow testified that Deutsche Bank "engaged in a scheme by employing structured finance transactions and tax transactions that created a false appearance of financial health by presenting a misleading picture of Enron's true business condition." #60 at 10. Deutsche Bank subsequently filed its motion to dismiss (#33) on February 28, 2007, and it was briefed by the parties. #39, 30, 47, 48, 50, 51. While Deutsche

---

[1] The Exhibits to #60 were replaced by the Exhibits to #67.

Bank's motion was pending, the Court entered opinions in other Enron-related cases in which it indicated that valid and cognizable claims existed against Deutsche Bank arising out of its dealings with Enron.  *Newby v. Enron Corp.*, 540 F. Supp. 2d 759, 798-99 (S.D. Tex. 2007)(statutory fraud claims); *Newby v. Enron Corp.*, 623 F. Supp. 2d 798, 838-40 (S.D. Tex. 2009)(denying summary judgment on statutory fraud and conspiracy claims).[2]  Furthermore, on December 21, 2010 Deutsche Bank entered into a Non-Prosecution Agreement (the "Agreement") with the United States Department of Justice ("DOJ") regarding various tax transactions from 1996 to 2002, for which Deutsche Bank agreed to pay a fine of $553.6 million; Plaintiffs urge that this Agreement demonstrates Deutsche Bank's "participation in illegal, sham tax transactions during the exact same time period it created and sold the Tax Transactions to Enron."  #60 at 8;  #67, Exhibit 1 at ¶¶ 814-829 and Appendix B.  Like the Fastow deposition, Plaintiffs argue that this Agreement was not known and could not have been included at the time Plaintiffs' Second Amended Complaint was filed.

On January 6, 2011 the Court issued its Opinion and Order of Dismissal (#59 at 57-58), finding that Plaintiffs failed to plead fraud with particularity against both Enron and Deutsche Bank and

---

[2] Deutsche Bank correctly points out that neither of these cases related to Deutsche Bank and they are thus irrelevant.

dismissing in addition the derivative conspiracy, concerted action, and aiding and abetting claims.  Plaintiffs ask the Court to vacate that opinion and allow it to re-plead because valid claims exist and because of new evidence.

Because the Court ruled on the pleadings without resolution by trial or presentation of evidence, Plaintiffs maintain that the facts mirror those in *Dussouy*, 660 F.2d 594 and the Court should consider the motion in light of Rule 15(a) rather than Rule 59(e) alone.  They claim that they asked for the opportunity to amend their pleadings between the time Deutsche Bank filed its motion to dismiss (February 28, 2007) and the time when the Court issued its ruling (January 6, 2011) in reliance on the scheduling order dated July 11, 2003, entered in *Newby* (H-01-3624 #1561, and amended on July 11, 2003, #4848),[3] with which this action was consolidated for pretrial discovery.  They urge that they sought the Court's

---

[3] This action (#7) was consolidated into *Newby* on May 13, 2003 for pretrial proceedings.  The July 11, 2003 scheduling order (#1561 in *Newby*) governed all the consolidated or coordinated cases.  It stayed the filing of amended pleadings until the class certification motion in *Newby* was resolved.  The Court granted Lead Plaintiff's motion for class certification on July 5, 2006 (#4836). On July 11, 2006 the Court amended the scheduling order (#4848) and required plaintiffs in the consolidated and coordinated cases to either proceed under the consolidated amended complaint in *Newby* and/or *Tittle* and dismiss their initial pleadings or to "opt out" of the class and proceed under their own pleadings or request leave to amend those initial pleadings within thirty days of filing their "opt-out" statement of election.  #4848 at 3.  Plaintiffs here opted out of the *Newby* class on July 21, 2006 (#4879, 4880 in *Newby*).

guidance through a motion for a status conference and a motion for a telephone conference (#52, #57 (supplement to #52), and #58), which were denied by the Court on the grounds of its heavy docket. In a footnote Plaintiffs state that they "did not amend their pleadings at that time believing the amendment to be procedurally improper based on the scheduling orders (#1561 and #4848) in [*Newby*], as amended." #60 at 3 n.2. They further claim that after the *Newby* class action, "which has so consumed the Court's docket," was resolved, "Plaintiffs anticipated that the time had come to move forward on the action against Deutsche Bank. However on January 6, 2011 the Court issued its Opinion and Order of Dismissal . . . ." #60 at 4. They plead, "If Plaintiffs erred in their reliance on (or misunderstood) the limits of the court's Scheduling Order, [they] respectfully request leave to amend their pleadings at this stage." #60 at 7.

Plaintiffs urge that their amendment would not be futile because their proposed Third Amended Complaint details Enron's fraud and outlines Deutsche Bank's role in it. Moreover new evidence supports such claims.

In addition, they claim that the Court erred in its decision by not considering the statements contained in the Osprey offering memoranda against Deutsche Bank. In *Ouaknine v. MacFarlane*, 897 F.2d 75, 89 (2d Cir. 1990), the Second Circuit held that a

"reference to an offering memorandum satisfies [Rule] 9(b)'s requirement of identifying "time, place, speaker, and content of representation, where, as here, defendants are insiders or affiliates participating in the offer of securities."  The memoranda with false representations about Enron's financial health and about the "arms-length" nature of the transactions between Enron and its Special Purpose Entities were given to investor Plaintiffs as part of an overall scheme to induce them to purchase the securities.  Although they did not buy the Notes being offered by the memoranda, Plaintiffs contend that the memoranda support their claim of conspiracy to commit fraud and meet Rule 9(b)'s requirement of pleading with particularity.  Plaintiffs also argue that the Court erred in finding that they failed to plead scienter adequately because they alleged that Deutsche Bank received fees and did not provide complete and truthful information about the securities being offered for sale.  *King County v. IKB Deutsche Industriebank AG*, No. 09-Civ-8381 (SAS), 2010 U.S. Dist. LEXIS, at *11-12 (S.D.N.Y. Oct. 29, 2010)(finding that plaintiffs adequately alleged scienter where Morgan Stanley received $15 million in fees, where it had influence over rating agencies, and where it knew the portfolio was not a safe, stable investment, that the ratings process was flawed, and that the ratings agencies could not issue an objective rating).  Plaintiffs' allegations are the same.

Finally, contend Plaintiffs, manifest injustice will result if the Opinion and Order of Dismissal is not vacated. Plaintiffs were defrauded of millions of dollars by Enron and its co-conspirators. If given the opportunity, Plaintiffs can plead the specifics of the fraud more accurately and the complicity of Deutsche Bank. Their Third Amended Complaint alleges that Fastow testified that Deutsche Bank was being overpaid and was aware of, and complicit in, Enron's fraud. #67, Exhibit 1 at ¶¶ 34, 162-63, 199-246, and Appendix E.

### Deutsche Bank's Opposition (#62)

Insisting that the Court correctly disposed of all the claims against Deutsche Bank, Deutsche Bank asserts that Plaintiffs' only challenges are that the Court erred by not considering statements in the Osprey offering memoranda and by not pleading scienter as to Deutsche Bank. Deutsche Bank insists that Plaintiffs fail to demonstrate any manifest errors of law by the Court in the Opinion and Order of Dismissal.

Deutsche Bank points out that the Court discussed in detail the statements in the Osprey Offering memoranda related to Deutsche Bank and ruled that Plaintiffs' allegations were insufficient because they failed to show that any Deutsche Bank representative knew that the statements contained in the memoranda were false, no less that Deutsche Bank, with scienter, created, drafted, or directed the drafting of either of the memoranda. The Court

agrees. It discussed scienter (#59 at 46-48) and Plaintiffs' failure to allege facts demonstrating that any representative of Deutsche Bank made a misrepresentation or had the requisite fraudulent intent (*id.* at 135-41).

Moreover, Deutsche Bank maintains that all these issues were briefed extensively by the parties; a motion for reconsideration should not rehash arguments considered and rejected by the Court. Instead the Opinion and Order of Dismissal should be affirmed. The Court agrees that Plaintiffs improperly seek to reargue resolved issues in their motion.

Citing a Second Circuit case, *Quaknine v. MacFarlane*, Plaintiffs claim that the Court failed to attribute statements in the Osprey offering memoranda to Deutsche Bank based on its status as an "insider or affiliate" of Enron. Deutsche Bank points out that Plaintiffs failed to allege in their Second Amended Complaint and in their proposed Third Amended Complaint that Deutsche Bank was an Enron insider and therefore this argument should be ignored. The Court agrees and would further point out that this pleading deficiency at this stage of the litigation is all the more evident because discovery has long ago been completed.

Second Deutsche Bank insists that the "new" evidence raised by Plaintiffs was known to Plaintiffs years before the Opinion and Order of Dismissal was issued; Plaintiffs have not met their burden

of showing that this evidence was unavailable to them before the Court dismissed their claims. Plaintiffs' vague claim of manifest injustice fails because they were given an unrestricted opportunity to investigate and argue their case, but failed to exercise due diligence to include the alleged "new" evidence earlier. There is no manifest injustice for purposes of a Rule 59(e) motion "where, as here, a party could easily have avoided the outcome, but instead elected not to act until after a final order had been entered." *In re Young*, No. 08-41515, 2009 WL 2855766, *4 (Bankr. E.D. Tex. Sept. 2, 2009), *citing Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414, 422 (D.D.C. 2005). Specifically, for their claim of new evidence Plaintiffs rely in large part on the September 28, 2006 Sworn Declaration of Andrew Fastow ("Fastow Declaration," Appendix F) and his October 23-November 2, 2006 deposition testimony ("Fastow Testimony," Appendix E),[4] taken four years before the Opinion and Order of Dismissal was issued. Plaintiffs' counsel attended and participated in Fastow's deposition, but did not seek leave to amend following that deposition even though the Court did

---

[4] In its July 11, 2006 amended scheduling order (#4848 in *Newby*) the Court ordered plaintiff electing to proceed outside the class and seeking to amend their pleadings to file their motions for leave to amend within thirty days after they filed their statement of election. Plaintiff filed their "opt-out" statement on July 21, 2006, giving notice that they would seek to amend. (#4879, 4880 in *Newby*). Plaintiffs filed their motion for leave to amend (#26 in this action), with their proposed Second Amended Complaint, on August 17, 2006.

not rule on their earlier motion for leave to amend (#26) until January 22, 2007, when the Court granted it (#32). The same day Plaintiffs filed their Second Amended Complaint without any mention of the Fastow statements (#33). Deutsche Bank filed its motion to dismiss (#39) on February 28, 2007. The parties exchanged briefs between April 6, 2007 and June 18, 2007 (#46, 47, 48, 50, 51). The Court did not grant Deutsche Bank's motion and close the case (#59) until January 6, 2011 while Plaintiffs remained silent about the Fastow testimony.

As for the Agreement (Appendix B) between Deutsche Bank and the DOJ, Deutsche Bank insists the Agreement introduced nothing new. Deutsche Bank's conduct from 1997-2001, which was discussed in it, was publicly disclosed by Deutsche Bank and widely reported in the press beginning at least by February 2006,[5] well before

---

[5] Deutsche Bank cites Securities and Exchange Commission form 20, filed by Deutsche Bank March 23, 2006, at 105 (disclosing that the DOJ was conducting a criminal investigation, involving Deutsche Bank, of tax-oriented transactions executed from 1997-2001); Lynnley Browning, *Legal Costs of Shelter Case Hurt Deutsche Bank Profit*, N.Y. Times, Mar. 10, 2006, Section C (available at 2006 WLNR 4023358)(reporting Deutsche Bank's announcement that it had "reduced its 2005 earnings by nearly $300 million to cover newly discovered legal costs related to its role in creating and selling questionable tax shelters . . .after uncovering 'significant new information related to certain legal exposures' concerning 'tax-oriented transactions' from 1997 to 2001"); Lynnley Browning, *Deutsche Bank Said to Seek Settlement on Tax Shelters*, N.Y. Times, Feb. 24, 2006, Section C (available at 2006 WLNR 3195492)(reporting Deutsche Bank's announcement that it was "in talks with the Justice Department in an effort to settle a criminal investigation over the bank's role in questionable tax shelters").

Plaintiffs filed their proposed Second Amended Complaint in August 2006, and almost five years before the Opinion and Order of Dismissal issued. Moreover, that Agreement had nothing to do with Enron-related tax transactions.

Plaintiffs' contention that they did not seek leave to amend earlier because they misunderstood the limits of the Court's July 2003 Scheduling Order and because the Court denied their motions for a status conference and a telephone conference (#52, 57, 58) also does not support Plaintiffs motion for reconsideration. Deutsche Bank points out that these motions do not reflect a desire or intention to amend their pleadings; nor do they mention the evidence that Plaintiffs now cite and that was in Plaintiffs' possession when they filed these motions. The Court concurs that the motions do not raise the question of amendment.

Third, even if the evidence were "new," it does not cure the fatal pleading defects in the Second Amended Complaint, so the motion for leave to amend to have a fourth bite of the apple should be denied. The proposed Third Amended Complaint "is a mere restatement of Plaintiff's inadequate allegations, with the belated inclusion of (immaterial) references to the Fastow Testimony" and the Agreement.

---

Deutsche Bank states that these disclosures have been updated and reported on in the press regularly ever since Plaintiffs moved for leave to file their Second Amended Complaint in August 2006.

Furthermore, Deutsche Bank points out that if the Court does consider Plaintiffs' motion for leave to amend, the proper standard is the "good cause" standard under Rule 16(b) because the Court did enter a Scheduling Order, which long ago expired. The Court agrees. Deutsche Bank maintains that the four factors identified in *Marathon* for considering whether there is good cause here weigh heavily in favor of denying amendment. Plaintiffs lack a valid explanation for failure to timely seek leave to amend their allegations to include the Fastow Testimony and the Agreement. They cannot show that they exercised diligence to meet the deadlines and that the deadlines could not have been met. The evidence was available before dismissal; Plaintiffs knew about the Fastow testimony for over four years before the Opinion and Order of Dismissal issued, and the Agreement was publicly disclosed and reported by the press even before Plaintiffs filed their Second Amended Complaint. Nor would the "new evidence" cure the defects, as Fastow was unable to testify that any particular Deutsche Bank employee actually knew of Enron's fraud and knowingly assisted or agreed with Enron to perpetrate a fraud upon the Osprey Trust investors. As for the Agreement, Plaintiffs fail to allege how the conduct it covered relates in any way to the fraud they allege was committed by Enron. Plaintiffs' allegedly "new" allegations concerning Peggy Capomaggi and her deposition testimony on November

21, 2005, Thomas Finley's deposition testimony on September 21-22, 2005, and Brain McGuire's testimony on November 2-3, 2005, came from discovery that Plaintiffs obtained long before they filed their Second Amended Complaint. Thus permitting the amendment would be futile. Moreover, argues Deutsche Bank, at this late juncture permitting the filing of a Third Amended Complaint would prejudice Deutsche Bank because discovery has been closed since November 30, 2005, allowing amendment would further delay resolution of this case, and amendment would lead to further motion practice at considerable additional cost to Deutsche Bank. Finally, the availability of a continuance would not cure the prejudice to Deutsche Bank because the case is closed.

## Plaintiffs' Reply (#65)

Plaintiffs' reply argues that they have shown good cause under Rule 16, so the Court must apply the more liberal standards of Rule 15. They have a legitimate explanation for their delay, because they did not sit idly by: they amended their complaint by the deadline after opting out of the *Newby* class action and they believed that the Court's scheduling order required resolution of the *Newby* matters before any subsequent amendment and resolution of any legal issues in cases not proceeding under the consolidated *Newby* and *Tittle* complaints. Their amendments are "important" because they will meet the requirements of Rule 9(b) and they argue

that dismissal under Rule 9(b) before allowing a party to replead is highly unusual.[6]

## Court's Decision

The Court concludes that Plaintiffs' Rule 59(e) motion must be denied because they have failed to show that the evidence they now submit was "newly discovered," that had they been properly diligent they could have moved to amend based on it before this Court dismissed this action, and that the evidence would probably change the outcome of their suit against Deutsche Bank.  Deutsche Bank, in contrast, has demonstrated that the cited evidence was not newly discovered, but that it was or should have been known to Plaintiffs well before dismissal of the claims against Deutsche Bank.  Because the Court denies their request for reconsideration, it need not reach the issue of leave to amend under Rule 16.  Nevertheless the Court observes that the same deficiencies demonstrate that Plaintiffs have not established good cause because they failed to show that they exercised diligence and that they could not reasonably have filed a motion for leave to amend long before the Court's Opinion and Order of Dismissal was issued.

Accordingly the Court

---

[6] Apparently they do not find their prior amendments to suffice.

ORDERS that Plaintiffs' motion for reconsideration under Rule 59(e) and for leave to amend under Rule 15(a) (instrument #60) is DENIED.

**SIGNED** at Houston, Texas, this  9th  day of  August , 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE